IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 13- |
| v. | : DATE FILED: |
| RANDOLPH SCOTT | : VIOLATIONS:<br>18 U.S.C. § 1341 (mail fraud - 1 count)<br>: 18 U.S.C. § 1028A (aggravated identity theft – 2 counts)<br>: 26 U.S.C. § 7201 (tax evasion - 1 count)<br>26 U.S.C. § 7212 (attempt to interfere with<br>: administration of internal revenue laws – 1 count)<br>: 26 U.S.C. § 7203 (failure to file income tax returns - 3 counts)<br>: Notice of forfeiture |

## INDICTMENT

## COUNT ONE

THE GRAND JURY CHARGES THAT:

At all times material to this indictment:

    1.    Defendant RANDOLPH SCOTT was an attorney who maintained an office, Randolph Scott Associates, in Warrington, Pennsylvania. Defendant SCOTT's legal practice included representing clients in estate and probate matters.

    2.    Defendant RANDOLPH SCOTT represented the Estate of John C. Bready, Jr. (Bready Estate). Bready's will named J.D. as executor and R.B. as successor executor.

    3.    As part of the duties of representing the estate, defendant RANDOLPH SCOTT was responsible for assisting executor J.D. by advising and assisting in the

1

administration of the Bready Estate, including implementing the provisions of the will, and preparing and filing required federal and state tax returns and ensuring that taxes were paid.

4. The Bready will provided for payments to five living beneficiaries of $50,000 per year for the remainder of their lives, and for a sixth living beneficiary, a minor, who was to receive $50,000 per year until her 21st birthday. Any remaining funds in the estate after the death of the last beneficiary were to be donated to Pennsylvania State University (Penn State). Due to the life expectancy of the beneficiaries, however, it was unlikely that there would be sufficient money for any contribution to Penn State from Bready Estate funds.

5. Federal law in effect at the time of Bready's death in December 2005 required estates valued at over $1,500,000 to file a federal Estate Tax Return, Internal Revenue Service Form 706 (IRS Form 706) within nine months of death. Because the Bready Estate was valued at more than $6,000,000 at the time of Bready's death, a federal estate tax return should have been filed with the Internal Revenue Service in September 2006, and an estate tax of approximately $520,351 should have been paid.

6. The Bready Estate maintained three accounts: a checking account at Huntingdon Valley Bank (Estate Checking Account); a money market account at Huntingdon Valley Bank (Estate Money Market Account); and an investment account at Trident Advisors (Investment Account).

7. Defendant RANDOLPH SCOTT maintained at least three accounts for his law practice: an operating account at Citizens Bank (Scott Operating Account); a subrogation account at Citizens Bank (Scott Subrogation Account); and an Interest On Lawyers Trust Account (IOLTA Account) at National Penn Bank. An IOLTA account is established for the

purpose of maintaining clients' funds separate from those of the attorney in order to protect the integrity of clients' funds.

## The Scheme

8. From in or about December 2005, to at least in or about October 2011, in Bucks County, in the Eastern District of Pennsylvania, and elsewhere, defendant

**RANDOLPH SCOTT**

devised and intended to devise a scheme to defraud the Bready Estate, and to obtain money and property, by means of knowingly false and fraudulent pretenses, representations and promises.

## MANNER AND MEANS

It was part of the scheme that:

9. Between in or about December 2005 and in or about October 2011, defendant RANDOLPH SCOTT, without the authorization or knowledge of Bready Estate Executor J.D., and in addition to the more than $130,000 in legal fees that he charged the estate, diverted approximately $1,758,193.00 of Bready Estate funds to the IOLTA, Operating and Subrogation accounts.

10. Defendant RANDOLPH SCOTT, without the authorization or knowledge of Bready Estate Executor J.D., used the funds belonging to the Bready Estate that he had deposited into the Scott Operating Account or the IOLTA account to pay law firm and or personal expenses.

11. Defendant RANDOLPH SCOTT, in order to avoid detection of his scheme by Executor J.D. or the beneficiaries, paid the beneficiaries the money that was due to them under the will each year.

3

12. Defendant RANDOLPH SCOTT, in order to avoid detection of his scheme by Executor J.D. or the beneficiaries, did not allow his own law firm staff or Executor J.D. to see account statements from the Bready Estate Investment Account.

13. Defendant RANDOLPH SCOTT, in order to maintain sufficient money in the Bready Estate to pay beneficiaries and to divert funds to himself and/or his law firm, failed to file an IRS Form 706 for the Bready Estate as required by law so that the estate could evade the approximately $520,351.00 federal estate tax due.

14. Defendant RANDOLPH SCOTT, in order to mislead Executor J.D. that estate tax matters were being properly handled, issued letters in his capacity as attorney for the Bready Estate that defendant SCOTT was responsible for filing all required federal estate tax documents, and that no estate tax was due because the Bready will included a charitable donation to Penn State, knowing that he was not filing estate tax forms or paying estate tax as required, and also knowing that estate tax was due.

15. After the death of Executor J.D. in April 2009, defendant RANDOLPH SCOTT, in order to continue diverting funds from the Bready Estate, failed to disclose to the account manager of the Bready Estate Investment Account that Executor J.D. had died, causing the account manager to continue to send to defendant SCOTT's law firm checks payable to the Bready Estate, J.D. Executor. After receiving these checks defendant SCOTT would forge the signature of deceased Executor J.D., and deposit the checks into either the SCOTT Operating Account or the IOLTA account.

16. In or about July 2010, defendant RANDOLPH SCOTT, in order to continue diverting funds from the Bready Estate after the death of Executor J.D., and to continue to evade filing a federal estate tax return or pay federal estate taxes due, paid Bready Estate

4

Successor Executor R.B. $5,000 to sign a document renouncing the position of Successor Executor. Defendant SCOTT did not file the renunciation document with the Montgomery County court, but instead continued forging the signature of deceased Bready Estate Executor J.D., and also continued to divert money belonging to the Bready Estate to himself and his law firm.

17. In or about October, 2011, defendant RANDOLPH SCOTT, after learning that he was under investigation by the Internal Revenue Service, had R.B. appointed Successor Executor, in order to avoid detection of his failure to file an estate tax return or pay estate taxes, and also to avoid detection of the funds he had diverted from the Bready Estate to himself and his law firm.

18. On or about October 9, 2008, in Warrington, in the Eastern District of Pennsylvania, and elsewhere, defendant

**RANDOLPH SCOTT,**

for the purpose of executing the scheme described above, and attempting to do so, knowingly caused to be delivered by a commercial carrier, according to the directions thereon, a $35,000 check payable to the Estate of John Bready, J.D., Executor, sent via United Parcel Service from First Clearings office, 10700 Wheat First Drive, Glen Allen, Virginia, tracking #1Z9A89TO2210727738, to defendant SCOTT's office, 850 Easton Road, Warrington, Pennsylvania.

All in violation of Title 18, United States Code, Section 1341.

## COUNTS TWO AND THREE

THE GRAND JURY FURTHER CHARGES THAT:

On or about the following dates, in Bucks County, in the Eastern District of Pennsylvania, defendant

## RANDOLPH SCOTT

knowingly and without lawful authority used a means of identification of another person, that is, the name of J.D., during and in relation to a mail fraud offense, each use constituting a separate count.

| Count | Date | Description |
| --- | --- | --- |
| Two | November 30, 2009 | Use of name of J.D. on $20,000 check intended for Bready Estate |
| Three | December 16, 2009 | Use of name of J.D. on check for $20,000 and check for $50,000 intended for Bready estate |

In violation of Title 18, United States Code, Section 1028A(a)(1), (c)(5).

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES THAT:

1. Paragraphs 1 through 7 and 9 through 17 of Count One are incorporated here.

2. Between December 2005 and in or about December 2011, in the Eastern District of Pennsylvania, and elsewhere, defendant

## RANDOLPH SCOTT

a resident of Pennsylvania, willfully attempted to evade and defeat the payment of estate tax due and owing by the Bready Estate to the United States of America, by, among other things, doing the following acts of evasion:

(a) From in or about May 2009 through at least in or about January 2011, after executor J.D.'s death in April 2009, defendant SCOTT acted as the executor of the Bready estate by signing Executor J.D.'s name to estate documents, in order to prevent a new trustee from questioning the manner in which SCOTT handled the Bready estate, including SCOTT's purposeful failure to cause the estate to file an estate tax return and pay estate taxes as required by law.

(b) On or about July 6, 2010, defendant SCOTT paid Successor Executor R.B. $5,000 to renounce the executorship of the Bready Estate, in order to prevent Successor Executor R.B. from questioning the manner in which SCOTT handled the Bready estate, including SCOTT's purposeful failure to cause the estate to file an estate tax return and pay estate taxes as required by law.

In violation of Title 26, United States Code, Section 7201.

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

From on or about December 2005 through in or about December 2011, in the Eastern District of Pennsylvania, defendant

**RANDOLPH SCOTT,**

did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws by:

(a) From in or about May 2009 through at least in or about January 2011, after executor J.D.'s death in April 2009, defendant SCOTT acted as the executor of the Brady estate by signing Executor J.D.'s name to estate documents, in order to prevent a new trustee from questioning the manner in which SCOTT handled the Brady estate, including SCOTT's purposeful failure to cause the estate to file an estate tax return and pay estate taxes as required by law.

(b) On or about July 6, 2010, defendant SCOTT paid Successor Executor R.B. $5,000 to renounce the executorship of the Brady Estate, in order to prevent Successor Executor R.B. from questioning the manner in which SCOTT handled the Brady estate, including SCOTT's purposeful failure to cause the estate to file an estate tax return and pay estate taxes as required by law.

In violation of Title 26, United States Code, Section 7212(a).

## COUNTS SIX THROUGH EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

    1.    Paragraphs 1 through 7 and 9 through 17 of Count One are incorporated here.

    2.    During 2007 through 2009, defendant RANDOLPH SCOTT received gross income from Randolph Scott Associates and from diverting funds from the Bready Estate, in excess of the amounts requiring him to file an income tax return, those amounts being $3,400 in 2007, $3,500 in 2008 and $3,650 in 2009 for married individuals filing separately.

    3.    For each calendar year 2007 through 2009, defendant RANDOLPH SCOTT filed the following year for an extension of time within which to file his tax return, thereby making his return due on October 15 rather than April 15 of the following year.

    4.    During calendar years 2007 through 2009, as set forth below, in the Eastern District of Pennsylvania, defendant

**RANDOLPH SCOTT**

a resident of Bucks County, Pennsylvania, had and received gross income substantially in excess of the minimum filing requirement, as set forth above, and that by reason of such gross income was required by law, following the close of each calendar year and on or before October 15 of the following year, to make an income tax return to the Director, Internal Revenue Service Center, at Philadelphia, Pennsylvania, or other proper officer of the United States, stating specifically the items of his gross income and any deductions and credits to which he was entitled; that knowing this, he willfully failed to make an income tax return to the Director of the Internal Revenue

9

Service Center, or to any other proper officer of the United States:

| **COUNT** | **TAX YEAR** | **APPROXIMATE GROSS INCOME** | **DUE DATE** |
|---|---|---|---|
| Six | 2007 | $128,627 | October 15, 2008 |
| Seven | 2008 | $217,617 | October 15, 2009 |
| Eight | 2009 | $119,144 | October 15, 2010 |

All in violation of Title 26, United States Code, Section 7203.

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.  As a result of the violations of Title 18, United States Code, Sections 1341, set forth in this indictment, defendant

### RANDOLPH SCOTT

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds traceable to the commission of such offenses, as charged in this indictment, including, but not limited to, the sum of $1,758,193.00.

2.  If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

> (a) cannot be located upon the exercise of due diligence;
>
> (b) has been transferred or sold to, or deposited with, a third party;
>
> (c) has been placed beyond the jurisdiction of the Court;
>
> (d) has been substantially diminished in value; or
>
> (e) has been commingled with other property which cannot be divided

without difficulty; it is the intent of the United States, pursuant to Title 28, United States Code, Sections 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 981(a)(1)(c).

**A TRUE BILL:**

_____
**GRAND JURY FOREPERSON**

*[signature]*
**ZANE D. MEMEGER**
**UNITED STATES ATTORNEY**